IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON DENAY ALLEN, | § | |
| REG. NO.09827-035, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-249 |
| | § | |
| JOYCE FRANCIS, | § | |
| | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

At the time of filing this habeas action, petitioner was confined in the Bryan Federal Prison Camp in Bryan, Texas. Her current address is unknown. Respondent is the warden of the Bryan Prison Camp.

Petitioner was convicted in the United States District Court for the Western District of Louisiana, Shreveport Division of violating a condition of her supervised release. On March 21, 2003, she was sentenced to a term of twenty-four months imprisonment, to run consecutively to any other sentence she was serving.

In this action petitioner challenges the Bureau of Prison's denial of a *nunc pro tunc* order, designating state prison as the place of service of her federal sentence. Petitioner argues that the Bureau of Prisons has not properly credited the service of jail time spent in state custody toward her federal sentence computation.

A search of the Federal Bureau of Prisons Inmate Locator, shows that petitioner was released from custody on December 12, 2005. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, available at http:// www.bop.gov. Therefore, her pending habeas action is moot.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. This court is obliged to raise the subject of mootness *sua sponte*. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *Donovan v. Air Transport District Lodge No. 146*, 754 F.2d 621, 624 (5th Cir. 1985). By this section 2241 action, petitioner seeks to be released from confinement earlier. Because petitioner was released on December 12, 2005, this Court can no longer provide her with the relief she seeks. *See Bailey*, 821 F.2d at 278-79. Dismissal of this petition as moot is therefore appropriate. *See McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

Accordingly, the Court ORDERS that this habeas action be DISMISSED with prejudice, as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on February 1, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE